# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT GOSS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ROADRUNNER TRANSPORTATION SYSTEMS, INC., MARK A. DIBLASI, and PETER R. ARMBRUSTER, <br><br> Defendants. | CASE NO. 2:17-CV-0144 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

(additional case captions continued on following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF BRYAN REIFSNYDER TO CONSOLIDATE RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFF, AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | | |
|---|---|---|
| ROBERT STROUGO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | **CASE NO. 2:17-CV-0147** |
| Plaintiff, | ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| vs. | ) ) ) | |
| ROADRUNNER TRANSPORTATION SYSTEMS, INC., MARK A. DIBLASI, and PETER R. ARMBRUSTER, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | **CASE NO. 2:17-CV-0474** |
| Plaintiff, | ) ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| vs. | ) ) ) | |
| ROADRUNNER TRANSPORTATION SYSTEMS, INC., MARK A. DIBLASI, and PETER R. ARMBRUSTER, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
PROCEDURAL BACKGROUND............................................................................................. 2
STATEMENT OF FACTS ......................................................................................................... 3
ARGUMENT.............................................................................................................................. 4
I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS................................ 4
II. MR. REIFSNYDER SHOULD BE APOINTED LEAD PLAINTIFF.................................... 5
    A. The Procedural Requirements of the PSLRA ..................................................................... 5
    B. MR. REIFSNYDER is "The Most Adequate Plaintiff" ...................................................... 6
        1. Mr. Reifsnyder has Complied With the PSLRA and
           Should Be Appointed Lead Plaintiff.................................................................................. 6
        2. MR. REIFSNYDER Has the Largest Financial Interest.............................................. 7
        3. Mr. Reifsnyder Satisfies the Requirements of Rule 23................................................. 7
           i) Mr. Reifsnyder's Claims are Typical of
              the Claims of All the Class Members ....................................................................... 8
           ii) Mr. Reifsnyder Will Adequately Represent the Class ............................................ 9
III. THE COURT SHOULD APPROVE CLIENT'S
     CHOICE OF LEAD COUNSEL ............................................................................................ 10
CONCLUSION......................................................................................................................... 10

# PRELIMINARY STATEMENT

Bryan Reifsnyder ("Mr. Reifsnyder" or "Movant") respectfully moves this Court for an order: (1) consolidating various related securities class actions[1] filed against Roadrunner Transportation Systems, Inc. ("Roadrunner" or the "Company") and other defendants; (2) appointing Mr. Reifsnyder as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

Mr. Reifsnyder fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of the Motion of Bryan Reifsnyder to Consolidate Related Action, to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, Mr. Reifsnyder has suffered substantial losses because of his purchases of Roadrunner securities from May 8, 2014 through January 30, 2017, inclusive (the "Class Period").[2] To the best of his knowledge, Mr. Reifsnyder has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

---

[1] The related securities class actions include *Goss v. Roadrunner Transportation Systems, Inc. et al.*, No. 17-CV-0144 (filed January 31, 2017) (the "*Goss* Complaint"), *Strougo v. Roadrunner Transportation Systems, Inc. et al.*, No. 17-CV-0147 (filed February 1, 2017) (the "*Strougo* Complaint"), and *Public Employees' Retirement System of Mississippi v. Roadrunner Transportation Systems, Inc. et al.*, No. 17-CV-0474 (filed March 31, 2017) (the "*MissPERS* Complaint").

[2] Both the *Goss* Complaint and the *Strougo* Complaint alleged a Class Period of May 8, 2014 through January 30, 2017, inclusive, while the *MissPERS* Complaint alleged a Class Period of May 2, 2013 through January 30, 2017, inclusive.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Reifsnyder's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Miller Decl. at Ex. A. Moreover, Mr. Reifsnyder satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Reifsnyder respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an Order: (1) consolidating all related actions; (2) appointing Mr. Reifsnyder as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The lawsuit against Defendants, *Goss v. Roadrunner Transportation Systems, Inc. et al.*, No. 17-CV-0144, was filed in the Eastern District of Wisconsin, Milwaukee Division, on January 31, 2017. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 31, 2017, the first notice that a class action had been initiated against Defendants was published on *GlobeNewswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than April 3, 2017. *See* Miller Decl. at Ex. C. The *Strougo* Complaint was filed on February 1, 2017, while the *MissPERS* Complaint was filed on March 31, 2017.

Mr. Reifsnyder is a Class Member who has timely filed this motion within the 60 day period following publication of the January 31, 2017 Notice. *See* Miller Decl. at Ex. A.

# STATEMENT OF FACTS[3]

Roadrunner is a Delaware corporation leading asset-light transportation and logistics service provider, offering a suite of global supply chain solutions. Roadrunner's principal executive offices are located at 4900 S. Pennsylvania Ave., Cudahy, Wisconsin 53110. Roadrunner's common stock is traded on the New York Stock Exchange ("NYSE") under the ticker symbol "RRTS." Defendant Mark A. DiBlasi ("DiBlasi") is, and at all relevant times was, the Chief Executive Officer ("CEO") and of the Company and served as the Company's President from January 2006 until January 2016. Defendant Peter R. Armbruster ("Armbruster") is, and at all relevant times was, the Company's Chief Financial Officer ("CFO"), Treasurer, and Secretary since December 2005.

Starting on May 8, 2014, when Roadrunner filed its quarterly financial report for the period ending March 31, 2014, and throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's financial position, accounting practices, and internal controls. Specifically, two of Roadrunner's operating subsidiaries, Morgan Southern and Breuenger, failed to properly record certain expenses, which rendered Roadrunner's financial statements during the Class Period materially misleading.

After the market closed on January 30, 2017, Roadrunner issued a press release entitled "Roadrunner Transportation Systems Announces Restatement of Prior Period Financial Statements." The press release revealed, in pertinent part:

> In November 2016, Roadrunner was made aware of various potential accounting discrepancies at its Morgan Southern and Bruenger operating subsidiaries. In response, Roadrunner's Board of Directors immediately commenced an investigation of the discrepancies with the assistance of Greenberg Traurig, LLP, as outside counsel, and RubinBrown LLP, as forensic accountants. The

---

[3] These facts are derived from the *Goss* Complaint and the *Strougo* Complaint.

investigation into these discrepancies is still ongoing; however, based on the investigation to date, Roadrunner has identified various accounting errors that it currently estimates will require prior period adjustments to Roadrunner's results of operations of between $20 million and $25 million.

In connection with the accounting errors, Roadrunner disclosed that the Company's financial statements, beginning with the quarter ending March 31, 2014 (filed on May 8, 2014), "should no longer be relied upon." On this news, Roadrunner's share price fell precipitously from $11.54 to close at $7.92 on January 31, 2017, a decline of over 31%.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Mr. Reifsnyder and other members of the Class purchasing Roadrunner securities for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. The Federal Rules of Civil Procedure provide for consolidation of related actions brought under the federal securities laws. *See* Fed. R. Civ. P. 42(a). Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or

more judges. *Id.*; *see also In re Sterling Fin. Corp. Sec. Class Action*, Nos. 07-1879, 07-2171, 2007 U.S. Dist. LEXIS 93708, at *2 (E.D. Pa. Dec. 21, 2007) (noting that consolidation would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice."). Accordingly, consolidation of any pending and future filed cases with the instant action is warranted here.

## II. MR. REIFSNYDER SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1), (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published on *GlobeNewswire* on January 31, 2017. *See* Miller Decl. Ex. C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than April 3, 2017. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who the "most adequate plaintiff" is, the act provides that:

5

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

### B. MR. REIFSNYDER is "The Most Adequate Plaintiff"

#### 1. Mr. Reifsnyder has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B) expires on April 3, 2017. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on January 31, 2017), Mr. Reifsnyder timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class. *See Maiden v. Merge Techs., Inc.*, 2006 U.S. Dist. LEXIS 85635, at *2 (E.D. Wis. Nov. 21, 2006) (Randa, J.); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 622-23 (E.D. Wis. 2009) ("Once notice has been filed, potential lead plaintiffs have sixty days to file a motion to serve as lead plaintiff of the purported class.").

Moreover, Mr. Reifsnyder has sustained a substantial loss from his investment in Roadrunner securities and has shown his willingness to represent the class by signing a Certification detailing his transactions in Roadrunner securities during the Class Period. *See* Miller Decl. Ex. A. As demonstrated by his certification, Mr. Reifsnyder is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of

6

litigation, with the benefit of counsel's advice. In addition, Mr. Reifsnyder has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration.

### 2. MR. REIFSNYDER Has the Largest Financial Interest

During the Class Period, as evidenced by the accompanying signed certification, Mr. Reifsnyder purchased Roadrunner securities in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. *See* Miller Decl. Ex. A. In addition, Mr. Reifsnyder incurred a substantial loss on his transactions in Roadrunner securities as detailed in his loss chart. *See* Miller Decl. Ex. B. To the best of his knowledge, Mr. Reifsnyder thus has the largest financial interest in the relief sought. Therefore, Mr. Reifsnyder satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See MGIC*, 256 F.R.D. at 623; *Maiden*, 2006 U.S. Dist. LEXIS 85635, at *2.

### 3. Mr. Reifsnyder Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See W. Pa. Elec. Emples. Pension Trust v. Plexus Corp.*, 2007 U.S. Dist. LEXIS 95707, at *3 (E.D. Wis. Nov. 7, 2007). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

7

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Maiden*, 2006 U.S. Dist. LEXIS 85635, at *7; *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) (a "wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Mr. Reifsnyder satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### i) Mr. Reifsnyder's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Maiden*, 2006 U.S. Dist. LEXIS 85635, at *13; *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Reifsnyder's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Mr. Reifsnyder and all the other Class Members: (1) purchased Roadrunner securities during the Class Period; (2) purchased Roadrunner securities in reliance upon the allegedly materially false

8

and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Mr. Reifsnyder's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same illegal practices.

### ii) Mr. Reifsnyder Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met: (1) by the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Reifsnyder is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Reifsnyder, who purchased Roadrunner securities at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Reifsnyder are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Reifsnyder's interests and those of the other members of the class. Furthermore, Mr. Reifsnyder has retained competent and experienced counsel to prosecute these claims. Mr. Reifsnyder's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Reifsnyder *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### III. THE COURT SHOULD APPROVE CLIENT'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. *See MGIC*, 256 F.R.D. at 625; *Plexus*, 2007 U.S. Dist. LEXIS 95707, at *5-6. Mr. Reifsnyder has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Miller Decl. Ex. D. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

### CONCLUSION

For all of the foregoing reasons, Bryan Reifsnyder respectfully requests that this Court: (1) consolidate the related actions; (2) appoint Mr. Reifsnyder to serve as Lead Plaintiff in this consolidated action; (3) approve Mr. Reifsnyder's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 3, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Anne M. Plichta*
　　　　　　　　　　　　　　　　　　　　Anne M. Plichta (SBN 1046849)
　　　　　　　　　　　　　　　　　　　　K. Scott Wagner (SBN 1004668)
　　　　　　　　　　　　　　　　　　　　**WAGNER LAW GROUP, S.C.**
　　　　　　　　　　　　　　　　　　　　839 North Jefferson Street, Suite 400
　　　　　　　　　　　　　　　　　　　　Milwaukee, WI 53202
　　　　　　　　　　　　　　　　　　　　Telephone: (414) 278-7000
　　　　　　　　　　　　　　　　　　　　Facsimile: (414) 278-7590
　　　　　　　　　　　　　　　　　　　　Email: amp@wagner-lawgroup.com
　　　　　　　　　　　　　　　　　　　　Email: ksw@wagner-lawgroup.com

　　　　　　　　　　　　　　　　　　　　*Local Counsel for Movant Bryan Reifsnyder*

　　　　　　　　　　　　　　　　　　　　Kim E. Miller
　　　　　　　　　　　　　　　　　　　　**KAHN SWICK & FOTI, LLC**
　　　　　　　　　　　　　　　　　　　　250 Park Ave., Suite 2040
　　　　　　　　　　　　　　　　　　　　New York, NY 10177
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 696-3730
　　　　　　　　　　　　　　　　　　　　Facsimile: (504) 455-1498
　　　　　　　　　　　　　　　　　　　　Email: kim.miller@ksfcounsel.com

　　　　　　　　　　　　　　　　　　　　Lewis Kahn
　　　　　　　　　　　　　　　　　　　　**KAHN SWICK & FOTI, LLC**
　　　　　　　　　　　　　　　　　　　　206 Covington Street
　　　　　　　　　　　　　　　　　　　　Madisonville, Louisiana 70447
　　　　　　　　　　　　　　　　　　　　Telephone: (504) 455-1400
　　　　　　　　　　　　　　　　　　　　Facsimile: (504) 455-1498
　　　　　　　　　　　　　　　　　　　　Email: lewis.kahn@ksfcounsel.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Movant Bryan Reifsnyder and*
　　　　　　　　　　　　　　　　　　　　*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

　　　I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicate as non-registered participants on April 3, 2017.

　　　　　　　　　　　　　　　　　　　　*/s/ Anne M. Plichta*
　　　　　　　　　　　　　　　　　　　　Anne M. Plichta