| | |
|---|---|
| IN RE ROADRUNNER TRANSPORTATION SYSTEMS, INC. SECURITIES LITIGATION | Case No.: 17-cv-144-PP<br><br>**CLASS ACTION**<br><br>**EXHIBIT A** |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

**WHEREAS,** a consolidated class action is pending in this Court entitled *In re Roadrunner Transportation Systems, Inc. Securities Litigation*, Case No. 17-cv-144-PP (the "Action"):

**WHEREAS,** on March 29, 2019, the Public Employees Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, and defendants Roadrunner Transportation Systems, Inc. ("Roadrunner" or the "Company"), Mark A. DiBlasi ("DiBlasi") Peter Armbruster ("Armbruster"), Scott D. Rued ("Rued"), HCI Equity Partners, L.L.C. and HCI Equity Management, L.P. (collectively, the "Defendants"), (Lead Plaintiff and Defendants are collectively the "Settling Parties"), by and through their respective duly authorized counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Lead Plaintiff's Consolidated Amended Class Action Complaint filed on March 12, 2018 ("Complaint") against the Defendants, on the merits and with prejudice (the "Settlement");

**WHEREAS,** all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

**WHEREAS,** the Court has read and considered (a) Lead Plaintiff's motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith and (b) the

Settlement Agreement and exhibits attached thereto, to determine, among other things, whether the Settlement is sufficiently fair, reasonable and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class; and

**WHEREAS**, the Settling Parties to the Settlement Agreement have consented to the entry of this Order;

**NOW, THEREFORE**, the Court declares that it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

2. **Class Certification for Settlement Purposes:** Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: the Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"): all Persons who purchased or otherwise acquired Roadrunner's publicly traded common stock on the open market between March 14, 2013 and January 30, 2018, inclusive. Excluded from the Class are Defendants, any entity in which any Defendant has or had a controlling interest, Roadrunner's, HCI Equity Partners, L.L.C.'s and/or HCI Equity Management, L.P.'s current or former employees, directors, parents, subsidiaries, divisions, affiliates, officers, managers, general or limited partners, control persons or entities, the immediate family members of defendants DiBlasi, Armbruster, or Rued, any trust of which DiBlasi, Armbruster, or Rued is settler or which is for the benefit of a member of their immediate family, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. **Class Findings:** Solely for the purposes of the proposed Settlement of the Action, the Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

    (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

(b) there are questions of law and fact common to Settlement Class Members which predominate over any individual questions;

(c) Lead Plaintiff's claims are typical of the Settlement Class's claims;

(d) Lead Plaintiff and its counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff, Public Employees' Retirement System of Mississippi, is an adequate class representative and is certified as Class Representative for the Settlement Class.

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the law firm of Barrack, Rodos & Bacine is appointed Lead Counsel for the Settlement Class and Barrack, Rodos & Bacine, together with Cross Law Firm, S.C. and Gadow Tyler, PC, are Class Counsel for the Settlement Class.

6. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

7. **Preliminary Approval of the Settlement.** The Court hereby preliminarily approves the proposed Settlement as embodied in the Settlement Agreement, and subject to further consideration of the Settlement at the Settlement Hearing to be conducted as described below, preliminarily finds that the Settlement is (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii)

falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) does not improperly granting preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and (v) warrants notice of the proposed Settlement to Settlement Class Members, as described below.

8. **Settlement Hearing.** A hearing (the "Settlement Hearing") will be held on _____, 2019 at 9:00 a.m. before the Honorable Pamela Pepper in Courtroom \_\_ of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, Milwaukee, Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, 53202 to determine, among other things:

(a) whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b) whether a Final Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Settlement Agreement should be entered, dismissing the Action in its entirety and with prejudice; whether the covenants by the Settlement Class and the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties; and whether the Settlement Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against the Released Defendant Parties;

(c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) whether the Settlement Class should be finally certified for the purposes of the Settlement only; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm Barrack, Rodos & Bacine should be finally appointed as Lead Counsel and, together with Cross Law Firm S.C. and Gadow Tyler, PC, appointed as Class Counsel for the Settlement Class;

(e) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be granted; and

(f) such other matters as may properly be before the Court in connection with the Settlement.

9. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 10 of this order. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

10. **Notice.** The Court approves the form, substance, and requirements of the Postcard Notice, Notice, and Summary Notice (together, the "Notices") and the Proof of Claim form annexed hereto as Exhibits A-1 through A-4, and finds that the procedures established for publication, mailing, and distribution of the Notices and Proof of Claim form substantially in the manner and form set forth in paragraphs 11 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, of their right to object to the proposed Settlement, the Plan of Allocation or Lead Counsel's motions for an award of attorneys' fees and litigation expenses, or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Rules of this Court, and any other applicable law.

11. **Retention of Claims Administrator and Manner of Notice.** The Court approves the retention of Heffler Claims Group as the Claims Administrator to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel, as more fully set forth below:

a. Not later than fourteen (14) business days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be sent to each Settlement Class Member who can be identified by reasonable effort. The Postcard Notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Members' last known address.

b. Not later than five (5) business days after entry of this Order, Roadrunner shall provide to Lead Counsel, or the Claims Administrator, at no cost, in electronic searchable form, a list of the names and addresses of the Persons who purchased Roadrunner common stock during the Class Period, as identified in the records maintained by Roadrunner's transfer agent.

c. Contemporaneous with the mailing of the Postcard Notice, the Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for Settlement, from which copies of the Notice and Claim Form can be downloaded;

d. Not later than eighteen (18) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in the *Investors' Business Daily* and disseminated over *PR Newswire,* a national business-oriented wire service. The Summary Notice need not be published in each of these media on the same day.

e. Not later than seven (7) calendar days before the Settlement Hearing, Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

12. **Nominee Purchasers and Procedures.** Banks, brokerage firms, institutions, and other Persons who are nominees that purchased Roadrunner common stock for the beneficial interest of other Persons during the Class Period ("Nominee Purchasers") shall, within seven (7) calendar days of receiving the Notice: (a) provide to the Claims Administrator the name and last-known address of each such beneficial owner; or (b) request additional copies of the Postcard Notice and, within seven (7) calendar days of receipt, mail the Postcard Notice directly to such beneficial owners. Nominee Purchasers following procedure (b) shall promptly send a statement to the Claims Administrator confirming that the mailing was made as directed, and maintain mailing records for future use in the

Action. The Claims Administrator shall, if requested, and upon receipt of appropriate supporting documentation, reimburse Nominee Purchasers out of the Settlement Fund solely for Nominee Purchasers' reasonable out-of-pocket expenses incurred in sending the Postcard Notice to the beneficial owners who are potential Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such reimbursement.

13. **Participation in the Settlement-Submission of Proof of Claim Forms.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a. Any Settlement Class Member who wishes to participate in the distributions of the Net Settlement Fund must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice. All Proofs of Claim must be submitted by first-class mail, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court Order or by Lead Counsel in its discretion. If a Settlement Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Claims Administrator no later than 120 calendar days after the Notice Date, or such other date as may be set by the Court or allowed by Lead Counsel. Unless otherwise ordered by the Court, any Settlement Class Member who does not sign and return a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund, but shall nonetheless be bound by the Settlement Agreement, the Judgment and the releases therein.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker-confirmation slips, broker-account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other

7

documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    c.    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

    d.    Except as set forth in paragraphs 14 and 15 below, any Settlement Class Member who or which does not timely and validly submit a Claim Form, or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Releasee Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 13(a)-(c) above.

14.    **Exclusions from the Settlement Class.** Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received *no later than twenty-one (21) calendar* days prior to the Settlement Hearing, to: *Roadrunner Securities Litigation,* P.O. Box 58549, Philadelphia, PA, 19102-8549, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Roadrunner Transportation Systems Inc., Securities Litigation,* Case No. 17-cv-144-PP (E.D. Wis.); (iii) state the number of

Roadrunner securities that the person or entity requesting exclusion purchased/ acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees as more fully described in the Stipulation and Notice.

17. **Appearance at Settlement Hearing.** Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter and appearance will be represented by Lead Counsel.

18. **Objections to Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the

proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and seek to appear at the Settlement Hearing and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed or submitted a written objection with the Court, and served copies of such objection on Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing. In addition to the information required to be included, and the procedures required to be followed as discussed in paragraph 20 below, the written objections and supporting papers must (a) clearly identify the case name and number (*In re Roadrunner Transportation Systems, Inc. Securities Litigation*, Case No.: 17-cv-144-PP), and be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Eastern District of Wisconsin, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, 53202, or by filing them in person at any location of the United States District Court for the Eastern District of Wisconsin. A copy of the written objection shall also be served on each of the following counsel of record for the Settling Parties as noted below:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Barrack, Rodos & Bacine | Greenberg Traurig |
| Stephen R. Basser | Robert A. Horowitz, Esq. |
| Samuel M. Ward | MetLife Building, 200 Park Avenue |
| 600 W. Broadway, Suite 900 | New York, NY 10166 |
| San Diego, CA 92101 | |
| | Loeb & Loeb LLP |
| | Nina Ruvinsky |
| | Andrew R. Devooght |
| | 321 North Clark Street, Suite 2300 |
| | Chicago, IL 60654 |
| | |
| | Crowell & Moring LLP |
| | Michael W. Lieberman |
| | 1001 Pennsylvania Ave NW |
| | Washington, DC 20004 |

Godfrey Kahn S.C.
Daniel Flaherty
Anthony Baish
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615

Gibson, Dunn & Crutcher LLP
Patrick Stokes
Jason J. Mendro
1050 Connecticut Avenue, NW
Washington, D.C. 20036

White & Case LLP
Douglas P. Baumstein
Matthew R. Turnell
75 State Street
Boston, MA 02109

19. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and the telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Roadrunner securities that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or

the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expense in this or any other proceeding. Any untimely objection shall be barred. Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

21. **Service of Papers.** Counsel for the Defendants and Lead Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into their possession. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. **Notice and Administration Expenses and Escrow Matters.** As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator's Notice and Administration Expenses out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

23. **Passage of Title and Ownership of Settlement Fund.** The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement. All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

24. **Taxes.** Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect

to Taxes and any reporting or filings in respect thereof without further order of the Court in manner consistent with the provisions of the Stipulation.

25. **Bar on Litigating Released Claims.** Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of any Plaintiffs' Released Claim against any of the Released Defendant Parties.

26. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated pursuant to the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 18, 2018.

27. **Use of Order.** This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Defendant Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Settling Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by paragraph 8.6 of the Settlement Agreement. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Defendant Parties, the Released Plaintiff Parties, or the Settlement Class.

28. **Stay.** All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.

29. **CAFA Notice.** Roadrunner shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the

proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Roadrunner is solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, Roadrunner shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

30. **Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _____ day of _____, 2019.

_____
HON. PAMELA PEPPER
UNITED STATES DISTRICT JUDGE