UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE ROADRUNNER TRANSPORTATION SYSTEMS, INC. SECURITIES LITIGATION | Case No.: 17-cv-144-PP<br><br>**CLASS ACTION**<br><br>**EXHIBIT B** |

**[PROPOSED] FINAL JUDGMENT AND ORDER**

**WHEREAS**, a consolidated class action is pending in this court entitled *In re Roadrunner Transportation Systems, Inc. Securities Litigation*, Case No. 17-cv-144-PP (the "Action");

**WHEREAS**, (a) Public Employees Retirement System of Mississippi on behalf of itself and the Settlement Class (defined below), and (b) Roadrunner Transportation Systems, Inc. ("Roadrunner" or "the Company"), Mark A. DiBlasi, ("DiBlasi"), Peter Armbruster, ("Armbruster"), HCI Equity Partners, L.L.C., HCI Equity Management, L.P., and Scott D. Rued ("Rued") (collectively the "Defendants"), have entered into a Stipulation and Agreement of Settlement dated March __, 2019 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS**, by Order dated _____, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class

1

Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, the Court conducted a hearing on _____, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

**WHEREAS**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. **Jurisdiction**. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all parties to the Action and all Settlement Class Members.

2. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement, and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes**. The Court hereby finally certifies the following class for the purposes of Settlement only (the "Settlement Class"), pursuant to Rules 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons and entities that, during the period from March 14, 2013 to and through January 30, 2018, inclusive, (the "Class Period"), purchased or otherwise acquired shares of Roadrunner Transportation System, Inc.'s publicly traded common stock in the open market and were damaged thereby. Excluded from the Settlement Class are: Defendants, any entity in which any Defendant has or had a controlling interest, Roadrunner's, HCI Equity Partners, L.L.C.'s and/or HCI Equity Management, L.P.'s current or former employees, directors, parents, subsidiaries, divisions, affiliates, officers, managers, general or limited partners, control persons or entities, the immediate family members of defendants DiBlasi, Armbruster or Rued, any trust of which DiBlasi, Armbruster, or Rued is the

2
Case 2:17-cv-00144-PP   Filed 04/01/19   Page 2 of 8   Document 81-7

settlor or which is for the benefit of a member of their immediate family, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons and entities listed on Exhibit A hereto who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

4. **Adequacy of Representation**. The Court hereby affirms its appointment of Public Employees' Retirement System of Mississippi as Lead Plaintiff ("Lead Plaintiff") and Class Representative for the Settlement Class, and Barrack, Rodos & Bacine as Lead Counsel and, together with Cross, Law Firm, S.C. and Gadow Tyler, P.C., as Class Counsel for the Settlement Class. The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of negotiating, entering into and implementing the Settlement, have done so at all times during the pendency of this Action, and have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

5. **Notice**. This Court finds that: the distribution of the Notice, the publication of the Summary Notice, and the notice methodology (together the "Notice Program") (a) were implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order; (b) constituted the best practicable notice to Settlement Class Members under the circumstances of the Action; (c) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class; (d) were reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice of the Settlement; and (e) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of the Court, and any other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims.** In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Lead Plaintiff, the Settlement Class, and the Settlement Class Members. This Court further finds the Settlement was the result of arm's-length negotiations between experienced counsel respectively representing the interests of Lead Plaintiff, the Settlement Class, and the Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7. The Action and all the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties and Defendants' insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Settlement Agreement.

8. **Binding Effect.** The terms of the Settlement Agreement and the Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a claim form or obtains a distribution from the Net Settlement Fund), as well as their successors and assigns. The persons listed on Exhibit A hereto are excluded from the Settlement Class pursuant to their request and are not bound by the terms of the Settlement Agreement or this Judgment.

9. **Releases**. The Releases set forth in paragraphs 2.3 and 2.4 of the Settlement Agreement, together with the definitions in paragraphs 1.1 through 1.46 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective immediate family members, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Settlement Agreement, of law, and of this Judgment shall have, fully, finally, and forever compromised,

4

Case 2:17-cv-00144-PP   Filed 04/01/19   Page 4 of 8   Document 81-7

settled, released, resolved, relinquished, waived and discharged each and all Released Claims against the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties. This Release shall not apply to any person or entity listed on Exhibit A hereto.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their immediate family members, respective heirs, corporate parents, subsidiaries, general or limited partners, controlled entities, officers, directors, insurers, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Settlement Agreement, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claims against the Released Plaintiff Parties and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties. This Release shall not apply to any person or entity listed on Exhibit A hereto.

10. Upon the Effective Date, to the extent allowed by law, the Settlement Agreement shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Released Defendant Parties with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Released Plaintiff Parties with respect to any Released Defendant Claims.

11. Notwithstanding paragraphs 9 through 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. The foregoing releases shall not apply to any person or entity listed on Exhibit A hereto and all persons whose names appear on Exhibit A hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.

13. Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims Defendants may have against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

14. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

15. **Rule 11 Findings.** This Court finds and concludes that during the course of the litigation, Lead Plaintiff, Class Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

16. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of the Settlement Agreement, are not materially inconsistent with this Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

17. **No Admissions.** Neither this Judgment, the Term Sheet and Memorandum of Understanding, ("Term Sheet"), the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of

any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Released Parties and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

16. **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

17. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall

7

Case 2:17-cv-00144-PP   Filed 04/01/19   Page 7 of 8   Document 81-7

in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18. **Reasonable Extensions of Time.** Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. **Termination of Settlement.** If the Settlement is terminated as provided in the Settlement Agreement, or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of November 19, 2018, as provided in the Settlement Agreement.

20. **Entry of Final Judgment.** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____ , 2019.

                                        HON. PAMELA PEPPER
                                        UNITED STATES DISTRICT COURT JUDGE