UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

IN RE ROADRUNNER TRANSPORTATION  Case No.: 17-cv-144-LA
SYSTEMS, INC. SECURITIES LITIGATION

**REPLY IN SUPPORT OF LEAD PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT, APPROVAL OF THE PLAN OF ALLOCATION
AND CERTIFICATION OF A SETTLEMENT CLASS AND LEAD COUNSEL'S
MOTION FOR AN AWARD OF ATTORNEY'S FEES AND PAYMENT OF
LITIGATION EXPENSES TO PLAINTIFF'S COUNSEL**

Lead Plaintiff, through Lead Counsel, Barrack, Rodos & Bacine ("Barrack"), respectfully submits this reply memorandum of law in support of (1) Lead Plaintiff's Notice of Motion and Motion for Final Approval of Proposed Class Action Settlement, Approval of the Plan of Allocation and Certification of a Settlement Class (Dkt. No. 93), and memorandum of points and authorities in support thereof (Dkt. No. 94); and (2) Lead Counsel's Motion for an Award of Attorney's Fees and Payment of Litigation Expenses to Plaintiff's Counsel (Dkt. No. 95) and memorandum of points and authorities in support thereof (Dkt. No. 96).[1]

## I.  INTRODUCTION

Lead Plaintiff and Lead Counsel are pleased to advise the Court of the overwhelmingly positive reaction of the proposed Settlement Class to the Settlement Agreement, Plan of Allocation and request for an Award of Attorneys' Fees and Payment of Litigation Expenses. While more than 40,000 notices have been mailed to potential class members, no member of the Class has objected to either the terms of the Settlement Agreement or the Plan of Allocation, nor has any member of the Class objected to the request for an award of attorneys' fees, amounting to 17% of the Settlement Fund, or to payment of counsel's litigation expenses of $222,122.67. See Supplemental Declaration of Sandy Pappas Regarding Dissemination of Notice to the Class ("Pappas Decl.") filed herewith at ¶ 10.

## II.  ARGUMENT

In weighing a motion for final approval, a court must determine, following reasonable notice and a fairness hearing, that the settlement is "fair, reasonable, and adequate." Rule 23(e)(1)-(3) of the Federal Rules of Civil Procedure. To evaluate the fairness of a settlement, courts in the Seventh Circuit consider the following factors:

---

[1]  All capitalized terms used herein, unless defined herein, are defined in the Settlement Agreement and have the same meaning as set forth therein. Dkt. No. 81-1.

(1) the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement;

(2) the defendant's ability to pay;

(3) the complexity, length and expense of further litigation;

(4) the amount of opposition to the settlement;

(5) any presence of collusion in reaching a settlement;

(6) the reaction of members of the class to the settlement;

(7) opinions of competent counsel; and

(8) the stage of the proceedings and amount of discovery completed.

*See Armstrong v. Bd. Of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980); *Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir. 1996); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997); and *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 864 (7th Cir. 2014). As set forth in detail in the Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion for Final Approval of the Class Action Settlement and Plan of Allocation, Certification of a Settlement Class (Dkt. No. 94), each of these factors weighs in favor of approval of the Settlement. In addition to the arguments set forth previously, as set forth below, the reaction of the members of the Proposed Settlement Class provides further support for approval of the Settlement Agreement and the Plan of Allocation, and constitutes further *indicia* of the fairness and reasonableness of the proposed award of attorneys' fees and expenses.

### A. The Reaction of the Settlement Class Strongly Supports Approval of the Settlement Agreement and Plan of Allocation

Lead Plaintiff respectfully submits that its opening papers amply demonstrate that the motion should be granted. Now that the September 6, 2019 deadline for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class also strongly supports approval.

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. *See In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.,* 789 F. Supp. 2d 935 at 965 (N.D. Ill. June 2, 2011 ("Such a remarkably low level of opposition supports the Settlement."); *Langendorf v. Conseco Senior Health Ins. Co.*, Case No. 08-CV-3914, 2009 U.S. Dist. LEXIS 131289 at *27 (N.D. Ill. Nov. 18, 2009) ("the Court finds and concludes that . . . the complete absence of any objections or exclusions strongly favor[s] the Settlement's final"); *Goldsmith v. Technology Solutions Co.,* Case No. 92-C-*4374, 1995 U.S. Dist. LEXIS 15093, at *16 (N.D. Ill. Oct. 10, 1995) ("Not a single objection to the proposed Settlement has been received from any class member. . . . Such a positive response to the Settlement by the Class is strong evidence that the settlement is fair, reasonable, and adequate and should be approved."). *See also Downes v. Wis. Energy Corp. Ret. Account Plan,* Case No. 09-C-0637, 2012 U.S. Dist. LEXIS 55612 at *6-*7 (E.D. Wis. April 20, 2012) (approving a settlement and noting only twenty-eight objections out of 4,155 mailed notices). Accordingly, the fact that there are no objections strongly supports the approval of the Settlement.

As set forth in the Pappas Decl., no valid requests for exclusion have been received by the Claims Administrator. Pappas Decl. ¶ 9. The lack of a substantial number of requests for exclusion provides further *indicia* of the fairness, reasonableness and adequacy of the Settlement. *See*, *e.g.*, *Goldsmith*, 1995 U.S. Dist. LEXIS 15093 at *16.

As set forth in Lead Plaintiffs' opening papers, just like the standard for approval of the Settlement as a whole, the Plan of Allocation must be fair, reasonable, and adequate. *See Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, Case No. 97-C-7694, 2001 U.S. Dist. LEXIS 20397, *9 (N.D. Ill. Dec. 6, 2001) ("The same standards of fairness, reasonableness and adequacy that apply to the settlement apply to the Plan of Allocation."). Here, Lead Counsel has expressed its belief that the Plan of Allocation, which was prepared with the assistance of a consulting damages expert, is fair and reasonable. *See* Dkt. No. 94 at 25-26. The reaction of the proposed Settlement Class provides additional strong support for approval of the Plan of Allocation.

3

### B. Reaction of the Settlement Class Supports Approval of the Fee and Expense Award

As with the Settlement Agreement and Plan of Allocation, *no* Class member has objected to the motion for an award of attorneys' fees and expenses from the Settlement Fund. The fact that there have been no objections is strong evidence that the requested fee is fair and reasonable. Accordingly, Lead Plaintiff and Lead Counsel respectfully request that the Court award attorneys' fees of 17% of the Settlement Fund in addition to payment of litigation expenses in the amount of $222,122.67, plus interest thereon.

### III. CONCLUSION

For the reasons set forth herein and in Lead Plaintiffs' and Plaintiffs' Counsel's initial memoranda of law and supporting declarations, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve: (i) the proposed Settlement; (ii) the proposed Plan of Allocation; and (iii) Plaintiffs' Counsel's request for attorneys' fees and payment of litigation expenses.

DATED: September 16, 2019                                  /s/ STEPHEN R. BASSER
                                                         STEPHEN R. BASSER

STEPHEN R. BASSER
SAMUEL M. WARD
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

JEFFREY A. BARRACK
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jbarrack@barrack.com


CROSS LAW FIRM, S.C.
Nola J. Hitchcock Cross
Mary C. Flanner
The Lawyers' Building

845 N. 11th Street
Milwaukee, WI 53233
Telephone: (414) 224-0000
Facsmile: (414) 273-7055
mflanner@crosslawfirm.com
njhcross@crosslawfirm.com


GADOW TYLER, PLLC
Blake Tyler, Esquire
Jason M. Kirschberg, Esquire
511 E. Pearl Street
Jackson, Mississippi 39201
Telephone: (601) 355-0654
Facsmile: (601) 510-9667
blake@gadowtyler.com
Jason@gadowtyler.com

*Counsel for Lead Plaintiff Public Employees Retirement System of Mississippi and the Proposed Class*